# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

SHAWN LIGGONS                                                 Cout of Appeals No.  23-3890

      Plaintiff – Appellant

V.                                                            Trial Court No.  3:20-cv-01208

GENERAL MOTORS, LLC; UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL INPLEMENT WORKERS OF AMERICA, LOCAL 14

      Defendants – Appellees

## **BRIEF OF APPELLANT SHAWN LIGGONS**

### ORAL ARGUMENT REQUESTED

| | |
|---|---|
| Ellen Toth | Shawn L. Liggons |
| Samuel H. Ottinger | 7843 Rea Road, Apt. 177 |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | Indianapolis, IN  46227 |
| Key Tower | (419) 461-6576 |
| 127 Public Square, Suite 4100 | Slliggons@yahoo.com |
| Cleveland, OH 44114 | |
| 216-241-6100 | *Pro Se, Plaintiff - Appellant* |
| 216-357-4733 (FAX) | |
| ellen.toth@ogletree.com | |
| samuel.ottinger@ogletree.com | |

Attorneys for Defendant General Motors, LLC

Kristin Seifert Watson, Esq.
Lane C. Hagar, Esq.
Cloppert, Latanick, Sauter & Washburn
225 E. Broad Street
Columbus, Ohio 43215
614-461-4455
614-621-6293 (Fax)
kwatson@cloppertlaw.com
lhagar@cloppertlaw.com

`

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................... iii

STATEMENT OF ASSIGNMENT OF ERRORS…........................................................... 1,2

STATEMENT OF THE ISSUES PRESENTED…................................................................. 3

STATEMENT OF THE CASE .............................................................................................. 4

STATEMENT OF THE FACTS ............................................................................................ 5

ARGUMENT AND LAW ...................................................................................................... 5

CONCLUSION ...................................................................................................................... 8

CERTIFICATE OF SERVICE ............................................................................................... 9

`

# TABLE OF AUTHORITIES

**Cases:**                                                                **Page(s)**

Abner J. Morgan, Jr. v. Natl. Rail. Pass. Corp., Dba Amtrak,
232 F.3d 1008 (9th Cir. 2000) ………………………………………………..………..… 6

DelCostello v. International Brotherhood of Teamsters,
462 U.S. 151, 164 (1983) ……………………………………………….……………… 6

Martin v. Lake CV. Sewer Co., Inc.,
269 F.3d 673, 679 (6th Cir. 2001) …………………………………………...…………… 6

**Statutes**

LMRA § 301 ………………………………………………………………………...….……… 5

Ohio R.C. Chapter 4112 …..………………………………...………..…………………… 5

Title VII of the Civil Rights Act of 1964 ……………………………………………….. 4,5

42 U.S.C. § 1981 ....................................................................................................... 4

42 U.S.C. Sections 12101 et seq. ………………………………………………………… 4

42 U.S.C. § 2000e et seq. …………………………………………………………….…… 4

**Other Authorities**

Continuous Violation Doctrine ………………………………………………………… 6

## APPELLANT'S ASSIGNMENT OF ERROR

### Assignment of error I

The trial court ruled that the discrimination claims necessarily depend on the assumption that the terms of the CBA entitled Plaintiff to what he claims he did not receive based upon his race and disability.  As a result, those claims cannot be resolved without interpreting the terms of the CBA making this as untimely hybrid § 301 / fair representation claim.

### Assignment of error II

Furthermore, the trial court misconstrued of key facts like "³It is unclear from the record whether this suspension was for two weeks, (see Doc. No. 39 at 291), or thirty days. (see Doc. No. 49-45 at 1). But this uncertainty does not create a genuine dispute of material fact sufficient to defeat Defendants' motions, as no one disputes that Liggons in fact was disciplined because he was late".

### Assignment of error III

The trial court omitted key facts when determining that Liggons' third OCRC charge involved allegations that GM did not correctly apply the terms of the 2011 Collective Bargaining Agreement (the "2011 CBA") between GM and the Union. Pursuant to the 2011 CBA, Liggons claims these provisions of the 2011 CBA do not apply to him. (Doc. No. 50 at 13).  But he does not explain why, and there is nothing within the 2011 CBA which appears to exempt Liggons from coverage.  Paragraph 99 of the 2011 CBA states the wage policies do not apply to skilled trades job classification, (Doc. No. 49-11 at 2), but there is no evidence that Liggons' position was classified as a skilled trade job.

### Assignment of error IV

The trial court stated that Liggons' argument and citation do not establish that any decisionmaker knew of his protected activity or was influenced by someone who did.  Liggons produced the names of 27 individuals who might have knowledge of the events that led to the discipline he received, and which eventually formed the

`
basis for his OCRC charges. (Doc. No. 40 at 140-42).  But he does not identify which, if any, of those individuals knew of the OCRC charges themselves.

**Assignment of error V**

The Union argues Liggons has not identified any evidence that it took any adverse action against him, much less one that rises to the level of a "materially adverse action." (Doc. No. 43-1 at 16).  Liggons claims the Union did not adequately support him in response to the discipline he received from GM. (Doc. No. 55 at 25). He asserts his belief that "every discipline [he] receive[d] was materially adverse and retaliatory," and he contends the Union denied him the opportunity to file grievances after his August 16, 2017, and April 10, 2019, disciplinary notices. (Id.). But Liggons' beliefs about GM's disciplinary actions[5] **([5]GM does not dispute that the suspensions Liggons received constitute materially adverse actions)** fail to show the Union took a materially adverse action against him.  And even if I were to assume Liggons could produce evidence to show the Union prevented him from filing grievances pursuant to the CBA, he fails to show how that conduct "might have dissuaded a reasonable worker from making or supporting a charge of discrimination" to the EEOC or OCRC

**Assignment of error VI**

Defendants have established that Liggons cannot meet the second and fourth prongs of the prima facie case of his retaliation claim against GM or the third and fourth prongs of his prima facie case against the Union. Therefore, I conclude Defendants are entitled to summary judgment in their favor as a matter of law.

`
# APPELLANTS ISSUE PRESENTED FOR REVIEW

**Issue Presented for Review I**

Does Title VII of the Civil Rights of 1964 and/or Americans with Disabilities Act (ADA) statute of limitation conflict with a hybrid § 301 / fair representation claim statute of limitation even if preemption was implied?

**Issue Presented for Review II**

Was the defendant General Motors action to suspend the plaintiff for 2 weeks or 30 days based solely because of the Plaintiff being late for work.

**Issue Presented for Review III**

Plaintiff official hire date was February 29, 2016. Therefore, Plaintiff was hired as an "Employee In Progress" governed by the terms of the 2015 Collective Bargaining Agreement.

**Issue Presented for Review IV**

What constitutes a Decisionmaker?

**Issue Presented for Review V**

Does not taking any action at all constitute a materially adverse action?

**Issue Presented for Review VI**

Did Plaintiff establish a prima facia case?

`

## STATEMENT OF THE CASE

This Case originated IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO WESTERN DIVISION, Lucas County, Ohio. The Plaintiff brought a discrimination claim against the Defendant GENERAL MOTORS (GM) and Defendant UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL INPLEMENT WORKERS OF AMERICA (LOCAL 14) on June 2, 2020.

FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS Racial Discrimination-Title VII 42 U.S.C. Sections 2000e et seq. SECOND CLAIM FOR RELIEF—Racial Discrimination—42 U.S.C. Section 1981. THIRD CLAIM FOR RELIEF Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq. FOURTH CLAIM FOR RELIEF Retaliation.

Plaintiff is an African American citizen of the United States. Plaintiff has been employed with the Defendant Company since February 29, 2016, most recently as a Quality Operator.

Defendants General Motors, LLC ("GM") and United Automobile, Aerospace and Agricultural Implement Workers of America, Local 14 (the "Union") seek summary judgment on Plaintiff Shawn Liggons' claim of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Doc. 42 and 43). Plaintiff filed briefs in response to Defendants' motions. (Doc. 50 and 55). Defendants filed briefs in reply. (Doc. 53, 54, 59, and 60).

## STATEMENT OF THE FACTS

Defendant UAW Local 14 has a duty to represent its workers in good faith, impartially, and without discrimination. Plaintiff filed multiple grievances over a 5-year period. Plaintiff states that Defendant was the reason that Plaintiff endure years of injustice instigated issues causing Plaintiff to endure further harassment. Defendant knowingly created a hostile work environment for Plaintiff.

`
Plaintiff expressed several alarming situations that both Defendants acted in concert to thwart Plaintiff every attempt to reconcile. Defendants attacked Plaintiff with unjust punishment for attendance and discipline, raises and demotions, harassment, retaliation, hostile work environment and failure to represent. (Doc. 55, PageID 1396-1407). Ironically, not even one complaint was ever raised about Plaintiff work performance.

In January 2021, Plaintiff was terminated from General Motors, subsequently, Plaintiff could no longer afford a lawyer. Plaintiff did not make leave to amend his complaint because he did not have the legal experience to know that he could make such an amendment.

## ARGUMENT

Generally, a statute of limitations is a time limit for filing charges against another party. The trial court erred by ruling that the Plaintiff claim of discrimination was timed barred because it was an untimely hybrid § 301 / fair representation claim. Under Title VII of the Civil Rights Act of 1964, an employee has 180 days from the date the discrimination took place to file a complaint with the EEOC. Once the EEOC issues an employee a right-to-sue letter, the employee will have only 90 days to file a lawsuit in federal court. Some states have longer statutes of limitations, including Ohio, which gives an employee up to two years to file a charge of employment discrimination. In fact, Ohio R.C. Chapter 4112 The period for an employee to sue under Chapter 4112 is generally two years, reduced from the previous six-year limitations period. Under a complicated tolling provision, however, this two-year statute of limitations is tolled while the employee's claim is pending with the OCRC.

Therefore, especially using the "Continuous Violation Doctrine", *See* Abner J. Morgan, Jr., Plaintiff-appellant, v. National Railroad Passenger Corporation, Dba Amtrak, Defendant-appellee, 232 F.3d 1008 (9th Cir. 2000). Plaintiff asserts that not only is this a hybrid § 301 / fair representation claim filed timely, but it is also a claim of discrimination, harassment, hostile work environment and retaliation against both Defendants General Motors and UAW Local 14. Plaintiff could not rely on an interpretation of the terms of an underlying

5

` CBA if a breach exists. Martin v. Lake CV. Sewer Co., Inc., 269 F.3d 673, 679 (6th Cir. 2001). Where a CBA establishes a mandatory grievance procedure in which a union pursues claims on behalf of its aggrieved employee, an employee will be bound by the results obtained in the grievance process subject to very limited judicial review. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 164 (1983). The Third Circuit Court of Appeals has explained: Employees may appeal an adverse decision under § 301 if they can show that their union breached its duty of fair representation, that is, that the union's conduct was arbitrary, discriminatory, or in bad faith. Employees may also have their claim heard in federal court under § 301 if the grievance procedure was a 'sham, substantially inadequate or substantially unavailable.'

On January 12, 2018, Plaintiff arrived at work late. Plaintiff never disputed this fact. However, both Defendants and the Trial Court assert that Defendant General Motors has a right to excuse on not excuse any absence as they choose making this, in fact pretextual. Plaintiff states that they are only 3 real questions. First, was there a snowstorm leading up to and continuing past the Plaintiff start time? Second, did the Plaintiff arrive at work on that day despite the weather? Third, was the Plaintiff the only employee late because of the weather?

Plaintiff was given a 30-day suspension for arriving at work late during a massive snowstorm, yet Defendants cannot show that Plaintiff had a pattern of tardiness (Doc. 55, PageID # 1399). Furthermore, it was January, Plaintiff had all his vacation days available. Defendants did not offer Plaintiff any options other than a 30-day suspension.

Plaintiff was hired as an "Employee In Progress" governed by the terms of the 2015 Collective Bargaining Agreement (PageID 398-399, 414-418). The terms of 2011 did not apply to the Plaintiff in any aspect of pay, vacation or any other tangible benefits. The collective bargaining agreement terms are generally for four years, meaning that a new collective bargaining agreement is negotiated on topics like pay, health insurance and future work. Members vote to pass or not pass the tentative agreement. Plaintiff has confirmed that he was not governed by the 2011 CBA with his hire date being in 2016. Any mention of the 2011 CBA is

6

` completely irrelevant and immaterial to the Plaintiff.  However, since the Trail Court has made it a point of interest I will clarify.  Paragraph 98-99 of 2011 did govern how new employees would receive pay raises.  Paragraph 98-99 of 2015 was rewritten in its entirety.  In the 2015 CBA paragraph 98-99 are designated to cost of living allowance (COLA) for traditional employees (Doc. 48, PageID # 838, 924-925, 954-955, 968).  Plaintiff was not an "Traditional Employee."

General Motors and the UAW Local 14 Key Four meets weekly.  The Key Four Members are the Plant Manager, Labor Department Director, Local 14 President, and the Local 14 Shop Chairman.  Plaintiffs OCRC and NLRB complaints were address to the Labor Department Director and the Local 14 President.  All employee discipline, attendance, job title, department and income are input into the computer by the Labor Department.  All labor department employees are decision makers. (Doc 39, PageID 370, 373, 377, 386, 391, 396-297, Doc. 40 PageID 619-620).

Plaintiff had been through several disciplinary interviews (DI's), however, no matter how much documentation, justification or evidence Plaintiff had to prevent a disciplinary action, Plaintiff received a suspension 100% of the time.  OCRC, NLRB and Ethics complaint filed by the Plaintiff were addressed to General Motors Labor Department and to the Local 14 Union President.  Complaints must be acknowledged by both Defendants.  Plaintiff suffered suspensions from being harassed by other employees to being late for work.  Managers have meetings, Union Stewards have meetings.  Federal complaints should be investigated and responded back.  Plaintiff gave a detailed account of all decision makers during his interrogatories.  The question is, which manager or union personnel did not know that the Plaintiff engaged in protective activities?

Mike Greason sat in every disciplinary interview and did not say a word except for January 12, 2018, when said that in his 30 years of employment he had never been late.  Greason also told me that I can always go work for Walmart.  Robin Marr told me to bring my "BLACK ASS" back to the union office, when I kept walking to my job, she went to my boss Clayton Phillips and told him that I cussed her out, I was suspended.  I

7

` have asked her on several occasions to correct that and she said, "you know I can't do that." Chris Hunt says that I should be thankful that I have a job, while Joe Bartley tells me that I am not acting like a GM employee.

Materially adverse action? My suspension in August 2017 for 1 week consisted of Monday, Tuesday, Wednesday, Thursday, Friday, Monday, and Tuesday for a 1-week (7 day) suspension. No other 1 week, 2 week or 30-day suspension that I received was calculated like that. Robin Marr refused to allow me to file a grievance. Robin Marr orchestrated my June 25, 2019, suspension when I was being harassed by one of her friends. I had tears in my eyes, I went to the medical office to get myself out of harm's way, I was suspended. Maybe when Jeff King physically forced me back because he believed that I clocked in, his attempt to try and make me late.

## CONCLUSION

For the reasons stated above Appellant respectfully request that this court REMAND this case back to District Court for further review.

Respectfully Submitted,

/s/ Shawn L. Liggons
Shawn L. Liggons
*Pro* Se

`

## PROOF OF SERVICE

I hereby certify that on January 16, 2024, a copy of Appellant's Certification was electronically filed with the Clerk of Court by email on January 16, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system, including the following:

Kristin Seifert Watson, Esq.
Lane C. Hagar, Esq.
Cloppert, Latanick, Sauter & Washburn
225 E. Broad Street
Columbus, Ohio 43215
614-461-4455
614-621-6293 (Fax)
kwatson@cloppertlaw.com
lhagar@cloppertlaw.com

Attorneys for Defendant United Automobile, Aerospace and Agricultural Implement Workers of America Local 14

Ellen Toth
Samuel H. Ottinger
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
216-241-6100
216-357-4733 (FAX)
ellen.toth@ogletree.com
samuel.ottinger@ogletree.com

Attorneys for Defendant General Motors, LLC

Respectfully Submitted,

/s/ Shawn L. Liggons
*Pro Se Plaintiff - Appellant*